IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DANIEL G. KELLEY, # L2563**                                                   **PETITIONER**

vs.                                                            **CIVIL ACTION NO.: 3:11cv111-MPM-DAS**

**JACQUELINE BANKS**                                                       **RESPONDENT**

**ORDER TRANSFERRING CASE TO THE**
**FIFTH CIRCUIT COURT OF APPEALS**

This matter comes before the Court on the pro se petition of Daniel G. Kelley, Mississippi prisoner # L2563, for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss the petition, and Petitioner has failed to respond. The Court finds the matter ripe for resolution. For the reasons set forth below, the petition for writ of habeas corpus will be transferred to the Fifth Circuit Court of Appeals.

Petitioner pled guilty to the crime of statutory rape in the Circuit Court of Yalobusha County, Mississippi. He was sentenced as an habitual offender on August 22, 2002, to serve a term of seventeen years imprisonment in the custody of the Mississippi Department of Corrections, with ten years of post-release supervision imposed.[1] On March 31, 2003, Petitioner filed a motion for post-conviction relief that the circuit court subsequently denied.[2] He appealed the denial to the Mississippi Court of Appeals, which affirmed the denial by written opinion on April 19, 2005. *See Kelley v. State*, 913 So.2d 379 (Miss. App. 2005) (Cause No. 2003-CP-02172-COA). In August 2011, Petitioner attempted to file a second motion for post-conviction

---

[1] *See* R. Mot. to Dismiss, Ex. A.

[2] *Id.*, Ex.B and Ex. C.

relief in the Yalobusha County Circuit Court. The circuit court returned the motion unfiled based on Petitioner's failure to pay the filing fee, and it entered an order finding the motion untimely and successive.[3]

On March 27, 2007, this Court dismissed with prejudice Petitioner's federal habeas petition challenging the August 2002 statutory rape conviction and sentence imposed on him by the Circuit Court of Yalobusha County.[4] *See Kelly v. Greer*, No. 3:05cv62-D-A (N.D. Miss. March 26, 2007). Because Petitioner raises a claim in the instant petition that could have been raised in his earlier petition attacking the same conviction and sentence, his petition is successive. *See In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Before a district court can consider a successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because he did not first seek authorization from the appellate court to file this successive action, the Court is without jurisdiction to proceed on the instant petition. *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). However, for the sake of judicial efficiency, the Court will transfer the case to the Fifth Circuit, rather than dismiss it.

The Court further notes that even if it had jurisdiction over this matter, it would be required to dismiss the instant petition as untimely pursuant to 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

---

[3] Amend. Pet. at 14-16.

[4] R. Mot. to Dismiss, Ex. E, Ex. F, and Ex. G.

2

    The limitation period shall run from the latest of –

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

    Petitioner's conviction and sentence became final on September 23, 2002, or thirty days after judgment against him was entered. *See* Miss. Code Ann. § 99-35-101 (prohibiting direct appeal from guilty plea after July 1, 2008); *see also Trotter v. State*, 554 So.2d 313, 315 (Miss. 1989) (allowing an appeal of an alleged illegal sentence within thirty days of the trial court's judgment). Because Petitioner's petition for post-conviction relief was pending between March 21, 2003 and April 19, 2005, Petitioner's federal habeas petition was due on or before October 12, 2005 (September 23, 2005 plus 750 days). *See* 28 U.S.C. § 2244(d)(2) (tolling limitations while a properly filed motion for post-conviction relief is pending). Petitioner's petition was "filed" sometime between the date it was signed on June 16, 2011, and the date it was received

on July 13, 2011.[5]  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (holding that a petition is deemed filed on the date it is delivered to prison officials for mailing).  Therefore, the instant petition was filed almost six years after the federal filing deadline.

The Court does not find that any of the statutory tolling exceptions are applicable in this case.  Petitioner appears to argue that he has "newly discovered" evidence concerning the previous sentencing order from Louisiana that was used to support the habitual offender charge at his sentencing.  In cases of newly discovered evidence, the limitations period begins to run when the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Petitioner alleges that "the age [and] age differences," presumably between the victim and perpetrator, "fell outside of the scope" of the criminal statute.[6]  Clearly, Petitioner was aware of the Louisiana statute and prior sentencing order, since he was present at the sentencing hearing.  The same sentencing order was used to support the habitual offender determination at Petitioner's sentencing for the crime at issue here.  In fact, Petitioner raised an argument about the prior conviction in the post-conviction motion that he filed with the circuit court in March 2003.[7]  The Court finds that there no statutory tolling exceptions applicable in Petitioner's case.  The Court further finds that there are no "rare and exceptional" circumstances that would warrant equitable tolling.  *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2002).  Therefore, the Court determines the petition is also untimely.

The Fifth Circuit has allowed district courts to transfer a petition for consideration

---

[5] This case was transferred from the United States District Court for the Southern District of Mississippi.  *See* doc. entry no. 4.

[6] Pet. at 6.

[7] *See* R. Mot. to Dismiss, Ex. B.

pursuant to 28 U.S.C. § 2244(a) and (b)(3)(c). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Therefore, in the interest of justice and judicial economy, it is hereby **ORDERED**:

    1) That this petition will be transferred to the Fifth Circuit Court of Appeals for Petitioner to seek permission to file this successive § 2254 petition;

    2) That the Clerk of Court is directed to transfer this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(c) and *In re Epps*, 127 F.3d at 365; and

    3) That this case is **CLOSED**.

    **SO ORDERED** this the 23rd day of July, 2012.

                                            **/s/ Michael P. Mills**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**
                                            **NORTHERN DISTRICT OF MISSISSIPPI**